UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIRGINIA BROOKS,

    Plaintiff,

v.                                          Case No.: 2:17-cv-00418-JLB-MRM

FLORIDA CANCER SPECIALISTS, P.L.,

    Defendant.
_____/

## ORDER

In response to this Court's sixty-day order of dismissal, (Doc. 47), the parties have filed a stipulation of dismissal with prejudice, (Doc. 48), under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The stipulation is self-executing. *Anago Franchising, Inc. v. Shaz*, 677 F.3d 1272, 1278 (11th Cir. 2012). Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.[1]

**ORDERED** in Fort Myers, Florida, on October 23, 2020.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[1] The parties' stipulation provides in a footnote that Defendant Florida Cancer Specialists, P.L. was misnamed. (Doc. 48, n.1.) Upon careful review, it appears that Defendant's business name was correct upon the filing of the initial complaint but changed after this litigation began. The Court thanks the parties for their candor and finds that the Defendant's name change does not affect the parties' stipulation to dismiss in any material way. *See* Specialty Nat. Ins. Co. v. U-Save Auto Rental of Am., No. 8:07-cv-878-T-33MAP., 2009 WL 928040, at *6 (M.D. Fla. Apr. 2, 2009) (explaining that a business entity's name change does not, in and of itself, alter the underlying entity's legal obligations); Salav v. Boyland Auto Orlando, LLC, No. 6:07-cv-1892-Orl-19GJK., 2008 WL 254127, at *2 (M.D. Fla. Jan. 29, 2008) (explaining that Rules 15 and 41 "involve the application of similar standards" (citation omitted)). As always, the Court appreciates the parties' efforts to resolve disputes.